IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 22-282 |
| VICTOR MILBOURNE | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Victor Milbourne awaits sentencing after defrauding the U.S. Department of Veterans Affairs ("VA") out of approximately $241,260.60 in benefits. From December 1, 2013, through December 1, 2022, the defendant fraudulently obtained VA disability benefits to which he was not entitled, and which the VA would not have paid had it known of the defendant's physical and business activities. The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, and why a sentence within the guideline range of 8-14 months' imprisonment is appropriate for the defendant.[1]

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C.

---

[1] Since the guideline range recommended by the government is in Zone B of the Sentencing Table, the minimum term may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment, or a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e). USSG § 5C1.1(d).

§ 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[2] At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

I.      **BACKGROUND**

On September 5, 2025, the defendant pleaded guilty to Counts 11 through 20 of the indictment, charging him with theft of government funds, pursuant to 18 U.S.C. § 641. During his plea colloquy, the defendant admitted that he knowingly defrauded the VA by claiming that he was severely disabled and unable to work due to service-connected injuries, in order to

---

[2] Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

fraudulently receive disability benefits to which he was not entitled. This Court has scheduled sentencing for December 30, 2025.

## II.     SENTENCING CALCULATION

### A.     Statutory Maximum Sentence.

The maximum sentence that may be imposed on the defendant is 100 years' imprisonment, 3 years' supervised release, a $2,500,000 fine, full restitution of $241,260.60, and a $1,000 special assessment.

### B.     Sentencing Guidelines Calculation.

The Government has calculated the defendant's advisory guideline range as follows: The base offense level is six. U.S.S.G. § 2B1.1(a)(2). As the defendant knowingly caused over $150,000 but less than $250,000 in actual loss, ten additional points were added to his guideline score. U.S.S.G. § 2B1.1(b)(1)(F). The defendant clearly demonstrated acceptance of responsibility for his crime and assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of his intention to enter a guilty plea, resulting in a three-point reduction. U.S.S.G. § 3E1.1(a and b). The government is recommending the defendant receive a 2-level downward adjustment pursuant to U.S.S.G. § 4C1.1 for zero-point offenders. The defendant is a Criminal History Category of I.

The resulting total offense level is 11, with a Criminal History Category of I, for an advisory guidelines range of 8 to 14 months.[3]

---

3 Probation has calculated the defendant's advisory guidelines to be 12 to 18 months as they did not find the defendant eligible for the zero-point offender adjustment, due to a 2008 DUI conviction where the defendant received 6 months' probation. The government is bound by its guilty plea agreement stipulations and thus is recommending the defendant be granted the zero-point offender adjustment, which would result in an advisory guideline range of 8 to 14 months.

**III.     ANALYSIS**

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States,* 133 S. Ct. 2072, 2083 (2013) (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh,* 133 S. Ct. at 2084. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.*

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

The defendant stole a substantial sum of money from the VA by alleging that he was severely disabled and unable to work. In reality, the defendant led a very active lifestyle,

including international travel, running his own business, and working out multiple times a week doing intensive physical workouts. As evident from the investigation and supported by the PSR, the defendant used the funds he stole from the VA to support his preferred lifestyle; frequent dinners out, luxury vacations, etc. His crime falls squarely within the class of cases to which the applicable guidelines are addressed, and thus consideration of the nature of the offense, § 3553(a)(1), counsels in favor of the guideline sentence, which could include a term of imprisonment combined with home confinement.

It is clear that the recommended guideline range is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2). The benefits programs administered by the government suffer substantial fraud every year. Although the defendant's specific crime did not put the VA at risk, the cumulative effect of the defendant's actions coupled with fraud committed by other offenders poses a risk to the program. For over nine years, the defendant stole from taxpayers. Furthermore, the stability and integrity of federal benefits programs depend on the honesty of people like the defendant. Specific deterrence for this defendant is a concern given his history of continuously applying for higher disability ratings and thus increased benefits from the VA. There is also value in the general deterrence of others who consider stealing from the VA.

In addition, adherence to the recommended guideline range assures that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity.

The government also asks this Court to consider the impact of the defendant's crimes upon the benefits programs administered by the VA, as well as the taxpayers who fund benefits

programs. The defendant, through his guilty plea, admitted stealing $241,260.60 from the program and agreed to provide full restitution.

The government respectfully requests this Court order restitution be paid to:

> U.S. Department of Veterans Affairs
> Debt Management Section
> P.O. Box 11930
> St. Paul, MN 55111

## IV. CONCLUSION

The government recommends that the Court impose a term of imprisonment within the advisory guidelines range of 8 to 14 months, for the reasons set forth above.

Respectfully submitted,

DAVID METCALF
United States Attorney


 /s Laura J. Bradbury
LAURA J. BRADBURY
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this Sentencing Memorandum has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

**Jason R. Young, Esquire**
Law Office of Jason R. Young
100 E. Penn Square
Suite 400
Philadelphia, PA 19107
USA
jason@lojry.com
215-892-6650
*Counsel for defendant Victor Milbourne*

                                                /s Laura J. Bradbury
                                                LAURA J. BRADBURY
                                                Special Assistant United States Attorney

DATED: December 22, 2025